UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET E. LARSON, AS TRUSTEE OF THE LARSON FAMILY REVOCABLE TRUST, and MARNIE E. NEAR, AS TRUSTEE OF THE JANET E. LARSON INSURANCE TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>CYNTHIA H. SPEETJENS, FRAZER DAVIDSON P.A., T. ROE FRAZER, JOHN DAVIDSON AND DOES 1 - 100,<br><br>Defendants | Case No.: C 05-03176 SBA<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY ACTION<br><br>Date:       January 31, 2006<br>Time:       1:00 p.m.<br>Location:   Courtroom 3<br>Honorable Saundra B. Armstrong<br><br>Trial Date:   None Assigned |

Defendants Frazer Davidson P.A., T. Roe Frazer II, and John Davidson (hereinafter "defendants") filed a Motion to Stay this action pending the completion of an arbitration. Defendant Cynthia H. Speetjens joined in the motion.

Having considered the moving and opposition papers filed by the parties and arguments of counsel, and good cause appearing therefore,

IT IS HEREBY ORDERED that defendants' motion is denied.

The Court finds that no arbitration is scheduled or is likely to be scheduled in Mississippi. The Mississippi Court ordered only Janet Larson individually to submit to arbitration her individual capacity claims. Janet Larson has dismissed all of her individual capacity claims before this Court, and has presented uncontradicted evidence that she will not assert individual capacity claims in any Mississippi arbitration. A stay should not be granted where defendants have failed to show that "it appears likely that the other proceedings will be concluded within a

reasonable time in relation to the urgency of the claims presented to the court." <u>Leyva v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 864 (9th Cir. 1979).

The Mississippi Court did not order arbitration of the claims of Janet E. Larson, trustee of the Larson Family Revocable Trust, or Marnie E. Near, trustee of the Janet E. Larson Insurance Trust, which are now pending before this Court. Defendants' contention that legal interests of the trusts and their trustees are indistinguishable from the interests of Janet Larson individually is contrary to California law. *See, e.g.*, Cal. Prob. Code §§ 18000 *et seq.* Where a trust is involved in a legal dispute, "the trustee is the proper person to sue or be sued on behalf of such trust." <u>Ziegler v. Nickel,</u> 75 Cal. Rptr. 2d 312, 314 (Ct. App. 1998). Thus, defendants have not shown that a Mississippi arbitration would involve the parties and claims before this Court.

Potential issue or claim preclusion does not warrant a stay because, even if a Mississippi arbitration involving Janet Larson's individual capacity claims were to take place, preclusion does not apply to third parties to private arbitration, and thus to the claims of the Trustees before this Court. *See* <u>Vandenberg v. Superior Court</u>, 88 Cal. Rptr. 2d 366, 374-75 (1999)

Finally, the Court finds that it would be inappropriate to stay this action pursuant to the first-to-file doctrine, because the only other relevant pending action is the Mississippi suit filed December 1, 2005. <u>Alltrade, Inc. v. Uniweld Prods., Inc.</u>, 946 F.2d 622, 625 (9th Cir. 1991).

The parties shall appear for a telephonic Case Management Conference on Wednesday, March 1, 2006 at 2:45 p.m. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference.

IT IS SO ORDERED.

Dated: 1-30-06

_____
Honorable Saundra B. Armstrong
UNITED STATES DISTRICT JUDGE

2