United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET E. LARSON, AS TRUSTEE OF THE LARSON FAMILY REVOCABLE TRUST A, et al., | No. C 05-3176 SBA |
| Plaintiffs, | **ORDER** [Docket No. 104] |
| v. | |
| CYNTHIA H. SPEETJENS, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion to Clarify the Court's Order Compelling Arbitration [Docket No. 104].

## BACKGROUND

This is a legal malpractice action against Defendants Cynthia H. Speetjens, Frazer Davidson, P.A., T. Roe Frazer II, and John Davidson (collectively, "Defendants") by Plaintiffs Janet E. Larson, as trustee of the Larson Family Revocable Trust A, and Marnie E. Near as trustee of the Janet E. Larson Insurance Trust (collectively, "Plaintiffs").[1] Larson hired Defendants to bring an action against Michael Kimsey, who had given her investment advice. Although some legal work was done, an action against Kimsey was never filed. Larson signed contracts with Defendants which included an arbitration clause, specifying Hinds County, Mississippi as the place of arbitration.

**a.  Procedural History**

On June 24, 2005, Defendants in this action moved to compel arbitration against Larson, in her individual capacity, in the United States District Court for the Southern District of Mississippi, C

---

[1] Initially, the action was brought by Larson individually and as a trustee. Larson dismissed herself from the action in her individual capacity on October 28, 2005. Larson remains in the action in her representative capacity as a trustee.

05-394-WHB-AGN ("Speetjens I"). On November 8, 2005, Judge Barbour ordered that Larson in her individual capacity submit to arbitration and issued final judgment in favor of plaintiffs (Defendants in this action). *See Speetjens v. Larson*, 401 F. Supp. 2d 600, 610 (S.D. Miss. 2005). Judge Barbour explained that only Larson could be compelled to arbitrate because only Larson was named a defendant in that case. *Id.*

On June 30, 2005, Janet Larson individually and as a trustee of the Janet E. Larson Revocable Trust A, and Marnie Near as trustee of the Janet E. Larson Insurance Trust, sued Defendants in California Superior Court, alleging claims for legal malpractice, breach of fiduciary duty, breach of contract and fraud ("Speetjens II"). All of the claims were based on Defendants' alleged failure to file suit against Kimsey on a timely basis. On August 4, 2005, Defendants removed the action to this Court.

On October 28, 2005, Defendants moved for a stay of the action, pending resolution of Speetjens I. The motion sought relief based on the first-to-file rule and the policy of abstention. On November 28, 2005, following Judge Barbour's Order in Speetjens I compelling Larson in her individual capacity to arbitrate, Larson voluntarily dismissed herself in her individual capacity from this action. On January 17, 2006, Plaintiffs filed a First Amended Complaint. On January 31, 2006, this Court denied Defendants' motion to stay on the grounds that Speetjens I was resolved, but only Larson in her individual capacity was ordered to submit to arbitration, and since Larson dismissed herself in her individual capacity from this action, the action could go forward.

On December 1, 2005, Cynthia H. Speetjens, Frazer Davidson, P.A., T. Roe Frazer II, and John Davidson filed a complaint for order compelling arbitration against Larson as a trustee of the Janet E. Larson Revocable Trust A, and Marnie Near as trustee of the Janet E. Larson Insurance Trust in the United States District Court for the Southern District of Mississippi, Case No. 05-CV-720-WHB-JCS ("Speetjens III"). On February 28, 2006, Judge Barbour ordered the action transferred to the United States District Court for the Northern District of California. This Court related the action to Speetjens II.

2

On April 18, 2006, Defendants filed a motion in this action (Speetjens II) to compel arbitration or, alternatively, for immediate trial on the issue of arbitrability, pursuant to 9 U.S.C. § 4, and for stay pursuant to 9 U.S.C. § 3.  On September 5, 2006, this Court issued an Order holding that Plaintiffs were bound by the agreements, and that the arbitration clause was enforceable.  The Court granted Defendants' Motion to Compel Arbitration and stayed this action as well as Speetjens III pending arbitration.

Plaintiffs filed the instant motion on September 12, 2006, asking the Court to clarify where the arbitration is to take place.  Plaintiffs claim that the arbitration must proceed in this district, because this Court does not have the authority to order arbitration in another district.  Defendants also seek clarification of the Order, but argue that the Court may – and should – order arbitration to proceed in Mississippi, in accordance with the agreements.

## ANALYSIS

The Ninth Circuit has interpreted section 4 of the Federal Arbitration Act (FAA) as limiting courts to ordering arbitration within the district in which the suit was filed.[2]  *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-69 (9th Cir. 1941).  *See also Homestake Lead Co. of Missouri v. Doe Run Resources Corp.*, 282 F. Supp. 2d 1131, 1143 (N.D. Cal. 2003) (Patel, J.) (holding that *Continental Grain* remains controlling authority).

However, if a party files suit to compel arbitration in a district other than that specified in the contractual place-of-arbitration provision, the Ninth Circuit's approach "create[s] a procedural trap by which a party to an arbitration agreement might be deprived of its contractual right to arbitration at the location specified in the agreement."  *Dupuy-Busching General Agency, Inc. v. Ambassador*

---

[2] Section 4 provides, in relevant part: "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . .  The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.  The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed."  9 U.S.C. § 4.

3

*Insurance Co.*, 524 F.2d 1275, 1277-78 (5th Cir. 1975). *See also Ansari v. Qwest Communications Corp.*, 414 F.3d 1214, 1218-21 (10th Cir. 2005) (criticizing the Ninth Circuit's approach for failing to give effect to all of the § 4 statutory language providing that arbitration should be ordered in accordance with the terms of the agreement, and following the "majority view" which "holds that where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under § 4"). This case is an excellent example of the problem identified by *Dupuy-Busching* and *Ansari*. Defendants have made every effort to have this dispute arbitrated in Mississippi. They first filed a suit to compel arbitration there, which was granted, but only against Larson in her individual capacity. Larson then dismissed herself from the suit in her individual capacity. Meanwhile, Plaintiffs filed this suit in California. Defendants filed another suit in Mississippi, which was transferred to this Court pursuant to the first-to-file rule. Defendants' efforts to have the dispute arbitrated "in accordance with the agreement" have been thwarted by Plaintiffs, and the Court is sympathetic to Defendants' argument that Plaintiffs should not be allowed to avoid the contractual place-of-arbitration clause simply by filing suit in another judicial district.

It appears that at least one district court in this Circuit has ordered arbitration to proceed in another district, and the Ninth Circuit did not expressly disapprove of that decision: in *Sovak v. Chugai Pharmaceuticals Co.*, 280 F.3d 1266 (9th Cir. 2002), the District Court for the Southern District of California ordered arbitration in Chicago. The Ninth Circuit stated that:

> Sovak does not challenge the district court's order compelling arbitration. Therefore, we express no view as to whether the district court properly compelled arbitration in Chicago, even though the federal action was filed in California. *Compare Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-69 (9th Cir. 1941) (holding that § 4 of the FAA limits a court to ordering arbitration within the district in which the suit was filed) *with Dupuy-Busching Gen. Agency v. Ambassador Ins. Co.*, 524 F.2d 1275, 1276-78 (5th Cir. 1975) (concluding that § 4 bars ordering arbitration in another judicial district only when the party seeking to compel arbitration filed the federal suit).

*Id*. at 1271 n.1. However, unlike the district court in *Sovak*, this Court will not order arbitration in another judicial district. The Ninth Circuit's decision in *Continental Grain* has never been overturned. Defendants' arguments notwithstanding, the decision is not limited to cases in which the

4

1 party seeking to compel arbitration filed the federal suit. It is a broad statement that a court may not
2 compel arbitration in another judicial district.

3     Further, more recently, in *Textile Unlimited, Inc. v. A..BMH & Co., Inc*. 240 F.3d 781, 784-
4 85 (9th Cir. 2001), the Ninth Circuit stated:

> [O]n its face, § 4 provides that venue is proper for an action to compel arbitration in 'any United States district court which, save for such agreement, would have jurisdiction under Title 28.' That clear expression should end the argument. However, A..BMH asserts that venue any place other than the place of arbitration contractually specified is precluded by the § 4 provision that '[t]he hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.' However, this interpretation skirts the section's plain language: by its terms, § 4 only confines the *arbitration* to the district in which the petition to compel is filed. It does not require that the petition be filed where the contract specified that arbitration should occur. *See Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 969 (9th Cir. 1941).

12 Defendants are correct that the court in *Textile Unlimited* was asked to decide whether an action to
13 <u>enjoin</u> arbitration must be brought in the judicial district designated in the arbitration clause, so it
14 was not squarely presented with the question at issue here. However, as shown by the above-quoted
15 passage, the Ninth Circuit specifically rejected the approach taken in *Ansari* – whereby a petition
16 under § 4 should be dismissed for improper venue if filed in a district other than that specified in the
17 contractual place-of-arbitration clause – and reaffirmed the *Continental Grain* decision.
18 Accordingly, the Court is bound by that decision.

19     Defendants insist that the *Textile Unlimited* decision "implied that under certain
20 circumstances fairness and equity would dictate a court to compel arbitration outside of its own
21 district." Opposition at 8. Even if that were true, such an implication is insufficient authority for
22 this Court to compel arbitration in Mississippi in direct contravention of *Continental Grain*. Until
23 the Ninth Circuit speaks clearly on this issue, the Court cannot order arbitration in any other judicial
24 district. *See Homestead Lead Co.*, 282 F. Supp. 2d at 1144 (expressing concern that a party to an
25 arbitration agreement may avoid its contractual obligation to arbitrate in an agreed-upon forum
26 merely by filing suit in a different district, but holding that "[a]bsent new guidance from the Ninth
27
28

5

1  Circuit . . . the court is precluded from ordering arbitration in the contractually-designated forum").

2  Plaintiffs also argue that Defendants should be bound by their admissions before the
3  Mississippi court.  Defendants' brief in opposition to Plaintiffs' Motion to Dismiss, Transfer or Stay
4  Speetjens III noted the case law discussed above, and argued that court should not transfer the action
5  to California because "even if the California Court ultimately enforced the agreement to arbitrate, it
6  is powerless to do so in accordance with the forum selection terms of the agreement."  According to
7  Plaintiffs, this constitutes an admission, and Defendants should not now be allowed to take the
8  contrary position that this Court may order arbitration in Mississippi.  Defendants argue that the
9  judicial admissions doctrine only extends to questions of fact, not questions of law.  *See Am. Title*
10 *Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988).  In their reply, Plaintiffs clarify that
11 they intended to invoke the doctrine of judicial estoppel against Defendants.  That doctrine prohibits
12 a party from taking inconsistent positions – legal or factual – in the same litigation.  *See Wagner v.*
13 *Professional Engineers in California Government*, 354 F.3d 1036, 1044 (9th Cir. 2001).  It is true
14 that Defendants have taken inconsistent legal positions in the Mississippi court and this Court, but
15 Defendants have at all times attempted to achieve the same result: ensuring that the arbitration
16 would take place in Mississippi.  Thus, the Court declines to apply this equitable doctrine, as it does
17 not appear that Defendants have been "playing fast and loose with the courts."  *Id.* (quoting *Russell*
18 *v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)).  In any event, the Court need not rely on Plaintiffs'
19 estoppel argument, because as discussed, they are correct on the merits – this Court cannot compel
20 arbitration in Mississippi under current Ninth Circuit precedent.

21 Defendants urge the Court to consolidate this action with Speetjens III and transfer the
22 consolidated action to Mississippi.  They cite several out-of-circuit district court cases in which
23 actions were transferred to the district specified in the place-of-arbitration clause.  *See, e.g., UAL*
24 *Corp. v. Mesa Airlines, Inc.*, 88 F. Supp. 2d 910 (N.D. Ill. 2000).  However, the court in *UAL* held
25 that motions under § 4 must be brought in the district specified in the place of arbitration clause – in
26 other words, the court followed the approach discussed in *Ansari*.  That is not the Ninth Circuit

6

approach.  Following the *Ansari* rule would have required this Court to dismiss or transfer the Motion to Compel Arbitration, which it did not do.  The Motion to Compel has already been granted, and Defendants cite no case in which a court granted a motion to compel and then transferred to another district to enforce that decision.  The Court will not vacate its previous Order granting the Motion to Compel, and instead consolidate Speetjens II and Speetjens III and transfer the consolidated action to Mississippi.  Doing so would be an adoption of the *Ansari* rule, which is not the rule in this Circuit.  Thus, the Court rejects Defendants' request to transfer the action.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Clarify is GRANTED.  IT IS FURTHER ORDERED THAT arbitration shall proceed in the Northern District of California.

IT IS SO ORDERED.

Dated: 11/17/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

7